# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GINA GARCIA NAVARRETE,

     Plaintiff,

v.

DR. STEPHEN H. MILLER,

     Defendant.

Case No.: 2:19-cv-00504-RFB-NJK

**ORDER**

[Docket No. 1]

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a Complaint. Docket No. 1-1.

**I.**    *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's Complaint.

**II.**    **Screening Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

### A.    Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff has not identified any federal law under which she seeks to proceed. Accordingly, federal question jurisdiction does not exist.

**B.    Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff's Complaint fails to allege an amount for damages; however, in one of her attachments, she appears to suggest that she seeks damages of $2,000. Docket No. 1-1 at 19.[1] Accordingly, the Court finds that Plaintiff has not established diversity jurisdiction.

**C.    Allegations in Complaint**

Here, Plaintiff has made the conclusory allegations that a botox injection she received at Defendant Miller's clinic "was a very bad experience," that she "was very scared by what that person did," and that her eyelids have "fallen" as a result of the injection. *Id*. at 4. Plaintiff provides no factual details regarding her claim and fails to identify in her complaint any law or legal theory under which she seeks recovery. *See*, *generally*, Docket No. 1-1. Her bare assertion, with no factual basis and no explanation as to how those facts constitute a violation of any laws, does not sufficiently state a claim. *See Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678.

Additionally, Chapter 41A of the Nevada Revised Statutes (NRS) governs lawsuits for medical malpractice. NRS § 41A.100, which is Nevada's statute with respect to claims for medical malpractice, provides, in relevant part:

> 1.    Liability for personal injury or death is not imposed upon any provider of health care based on alleged negligence in the performance of that care unless evidence consisting of expert medical testimony,[2] material from recognized medical texts or treatises or the regulations of the licensed medical facility wherein the alleged negligence occurred is presented to demonstrate the alleged deviation from the accepted standard of care in the specific

---

[1] Plaintiff also alleges that she currently has no health insurance. Docket No. 1-1 at 4. This claim appears to be untrue based on her attached pay stubs, which show amounts paid for the employee benefit of "Culinary Health & Welfare." *Id*. at 3-6.

[2] NRS § 41A.100(2) states that, "[e]xpert medical testimony provided pursuant to subsection 1 may only be given by a provider of health care who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged negligence."

> circumstances of the case and to prove causation of the alleged
> personal injury ...

Nev. Rev. Stat. Ann. § 41A.100.  Plaintiff has not presented the required expert affidavit.

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED** without prejudice, with leave to amend.  If Plaintiff believes she can correct the deficiencies in her Complaint and chooses to file an Amended Complaint, it should comply with this order and contain not only a showing that this Court has jurisdiction over her claim, but also additional factual information, an explanation as to how those facts constitute a violation of the laws which serve as the basis of her claim, and the required expert affidavit.  Further, any Amended Complaint must comply with Fed.R.Civ.P. 8, as discussed above.

### III.  Conclusion

Accordingly, **IT IS ORDERED** that:

1.   Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not be required to pay the filing fee.

2.   Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3.   The Complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **April 29, 2019**, to file an Amended Complaint, if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint.  Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an

original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4.    **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: March 29, 2019.


_____
NANCY J. KOPPE
United States Magistrate Judge